# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANNY ANDREW YOUNG,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:13-cv-00952-APG-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis*, motion (#2) for appointment of counsel, and motion (#3) to reconsider order, as well as for initial review of the papers presented pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

    The matter has not been properly commenced because petitioner did not submit the required financial materials with the pauper application. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate with the pauper application. Petitioner attached neither. The Court notes that in petitioner's prior action, which is discussed *infra*, petitioner was provided copies of both the pauper application form and the instructions with an order dated July 30, 2012.

    Petitioner further did not use the Court's required habeas petition form to state his claims. Under Local Rule LSR 3-1, a petitioner must file the petition on the Court's required Section 2254 petition form. In the present case, petitioner in essence used the petition form

as a cover document for a 37-page handwritten memorandum, which is unsigned and unverified.[1] Petitioner instead must state his claims in the body of the petition form itself. He may not incorporate other documents in the petition. He must file a petition on the required verified petition form specifically alleging the factual particulars supporting his grounds for relief therein, not an unverified legal memorandum.

Due to the multiple defects presented, the pauper application will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear that a dismissal without prejudice would materially affect a later analysis of either the timeliness issue or other procedural issues in a promptly filed new action.[2]

---

[1] A certificate of service, much less an unsigned certificate, does not satisfy the requirement that a paper be signed. A declaration under penalty of perjury that information in the *certificate of service* is true and correct does not certify that the allegations in the *petition* are true and correct.

[2] The papers on file and the online docket records of this Court and the Nevada state courts reflect the following. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

Petitioner Danny Andrew Young was convicted, pursuant to a jury verdict, of incest, attempted sexual assault, and two counts of sexual assault. The Supreme Court of Nevada affirmed the conviction on May 10, 2010, in No. 54017. The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on Monday, August 9, 2010.

After approximately five months had elapsed, on or about January 12, 2011, petitioner filed a state post-conviction petition. The state district court denied relief. In No. 58352, the Supreme Court of Nevada affirmed the denial of relief but remanded for the correction of a clerical error in the judgment of conviction. The remittitur issued on December 13, 2011.

An amended judgment of conviction was filed on December 22, 2011, and the time to file a direct appeal from the corrected judgment expired on Monday, January 23, 2012.

On or about March 20, 2012, petitioner mailed a federal habeas petition to the Clerk for filing, which was docketed under No. 2:12-cv-00524-JCM-NJK. That action ultimately was dismissed without prejudice after petitioner did not either pay the $5.00 filing fee or file a properly-completed pauper application that would demonstrate his inability to do so. Final judgment was entered on March 1, 2003. No appeal was taken from the dismissal, but petitioner's motion to reconsider the dismissal was filed on May 30, 2013.

The present federal petition was mailed for filing on or about May 23, 2013.

Even indulging the most liberal *arguendo* assumptions possible with regard to the potential impact of the December 22, 2011, amended judgment of conviction on the limitation analysis, the federal one-year

(continued...)

All pending motions will be denied without prejudice following upon the dismissal without prejudice.

In the motion (#3) to reconsider order, petitioner seeks reconsideration under Rule 60(b) of the March 1, 2013, dismissal of his prior federal petition in No. 2:12-cv-00524-JCM-NJK. Petitioner may not collaterally attack the dismissal of the prior federal action in this action. He instead must file a motion for reconsideration in that action, which it appears that he has done.[3]

On petitioner's motion (#2) for appointment of counsel, the Court does not find that the interests of justice require the appointment of counsel in this particular action under 18 U.S.C. § 3006A(a)(2)(B ). Nothing in the boilerplate form motion submitted leads to a contrary conclusion. Petitioner should note that federal habeas matters generally are pursued *pro se*, and there is no constitutional right to appointment of counsel in such a case. Further, neither being indigent nor being a lay person automatically requires a discretionary appointment of counsel. Petitioner therefore should pay close heed to the requirements for properly commencing a federal habeas action, including the instructions for properly seeking pauper relief.

---

[2](...continued)
limitation period under 28 U.S.C. § 2244(d)(1) expired prior to the constructive filing of this action on or about May 23, 2013, absent additional tolling or delayed accrual. The pendency of the prior federal action in No. 2:12-cv-00524 did not toll the running of the federal limitation period with regard to a later federal action such as the present one. E.g., *Duncan v. Walker*, 533 U.S. 167 (2001).

A dismissal of the present action without prejudice thus would not materially impact the analysis of the limitation issue with regard to a promptly-filed new action. Petitioner would have to rely upon substantially more than the putative May 23, 2013, constructive filing date in the present action to establish timeliness.

The online docket records of the state district court and Supreme Court of Nevada may be accessed from:

   https://www.clarkcountycourts.us/Anonymous/default.aspx
   http://caseinfo.nvsupremecourt.us/public/caseSearch.do

[3]Petitioner urges that the prior action was dismissed despite his indigence. However, the prior action was dismissed after petitioner did not either pay the filing fee, file a properly-completed pauper application demonstrating his indigence, or file a motion for an extension of time to do so. In all events, petitioner must litigate the dismissal of the prior action in the prior action.

In this regard, the fact that petitioner filed a 37-page legal memorandum would tend to reflect that he has at least the functional capacity to read and follow instructions. Petitioner at all times remains responsible for properly commencing a timely-filed federal habeas action. His lay status does not excuse him from the requirements of properly commencing a timely action. The Court notes that petitioner was given a number of opportunities to properly commence the prior action before that matter was dismissed without prejudice, in a situation where the federal limitation period had not yet expired on its face.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED without prejudice and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application with all required financial attachments.

IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be debatable or wrong. The current dismissal will not materially impact the analysis of either the timeliness issue or other procedural issues in a promptly filed and properly commenced new action. To the extent that petitioner seeks to relitigate the dismissal of his prior action in No. 2:12-cv-00524-JCM-NJK, he must challenge that dismissal in the prior action, in which he currently has a pending Rule 60(b) motion.

The Clerk shall SEND petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: 6/3/13

ANDREW P. GORDON
United States District Judge

-4-